UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EDWARD GORDON NEWHOUSE,

        Petitioner,

v.

DANIEL LESATZ,

        Respondent.

_____/

Case No. 2:19-cv-87

Honorable Paul L. Maloney

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I. Factual allegations

Petitioner Edward Gordon Newhouse is incarcerated with the Michigan Department of Corrections at Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Following a jury trial in the Kalamazoo County Circuit Court, Petitioner was convicted of assault with intent to rob while armed, armed robbery, and felony firearm. On August 29, 2016, the state court sentenced Petitioner to 51 to 85 months of imprisonment.

In July 2018, Petitioner filed his first habeas corpus petition, which the Court dismissed without prejudice for failure to exhaust available state-court remedies. *See Newhouse v. Lesatz*, No. 2:18-cv-82 (W.D. Mich. Oct. 10, 2018).

On April 23, 2019, the Court received Petitioner's second habeas corpus petition. In his latest petition, Petitioner asks the Court to proceed with the twelve grounds for relief identified in his earlier habeas corpus petition. Petitioner contends that he filed a motion for relief from judgment in state court that was denied on April 10, 2019.

II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275-77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to *all levels of the state appellate system, including the state's highest court*. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138-39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner has not exhausted any of his grounds for relief. As he indicated in his previous habeas petition, he did not raise the twelve issues identified in that petition during his direct appeal. Moreover, records from the Michigan appellate courts indicate that he has not appealed the denial of his motion for relief from judgment. Thus, he has not yet presented his issues to the Michigan Court of Appeals or to the Michigan Supreme Court.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may appeal the circuit court's order denying his motion for relief from judgment. He has six months from the date of the circuit court's order to file a delayed application for leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.203(G)(3). Therefore, the Court concludes that he has at least one available state remedy. To properly exhaust his claim, Petitioner must file an application for leave to appeal in the Michigan Court of Appeals, raising the same twelve grounds for relief that he presented in his motion for relief from judgment in the Kalamazoo County Circuit Court. If his appeal is denied by the Michigan Court of Appeals, he must appeal that decision to the Michigan Supreme Court, raising the same twelve grounds for relief.

*O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("'[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court.'") (citation omitted).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his appeal on May 1, 2018. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, July 30, 2018. Accordingly, absent tolling, Petitioner would have one year, until July 30, 2019, in which to file his habeas petition. Thus, the statute of limitations period has not yet expired.

In addition, if Petitioner timely files an appeal from the denial of his motion for relief from judgment with the Michigan Court of Appeals, and then properly files an appeal with the Michigan Supreme Court after a decision by the Michigan Court of Appeals, the statute of limitations period will remain "tolled" for as long as his appeal is pending in the Michigan appellate courts. Under 28 U.S.C. § 2244(d)(2), the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The tolling period starts at the filing of an

application for post-conviction relief and runs until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

In other words, if Petitioner diligently appeals the denial of his motion for relief from judgment and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. This Court cannot grant Petitioner any relief for his claims before he has exhausted them by presenting them on appeal to the Michigan appellate courts.

## Conclusion

For the foregoing reasons, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily

dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

6

The Court will enter an order and judgment consistent with this opinion.

Dated: May 7, 2019 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge